## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **IMTEC CORPORATION, an** | ) | |
| **Oklahoma corporation, and FIRST** | ) | |
| **LABORATORIES, LLC, an Oklahoma** | ) | |
| **limited liability company,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | Case No. CIV-07-355-JHP |
| | ) | |
| **JOHN L. MOORE, a/k/a Jay Moore,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

The Plaintiffs IMTEC Corporation and F.I.R.S.T. Laboratories, LLC ("First Labs") sued the Defendant John Moore (a/k/a Jay Moore) for breach of a confidentiality agreement he signed while employed by IMTEC. Moore seeks dismissal of the action, *inter alia*, for failure to join indispensable parties pursuant to Fed. R. Civ. P. 12(b)(7), or transfer of venue to the Western District of New York pursuant to 28 U.S.C. §§ 1404, 1406. The Defendant's Motion to Dismiss or Transfer and Brief in Support [Docket Nos. 8, 10] was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned Magistrate Judge recommends dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(7).

### A. Factual Background

This case is related to Case No. CIV-07-181-JHP. At issue in that case was an agreement under which First Labs (a joint business venture between IMTEC, Todd Shatkin and Andrew Jakson) would license and market dental technology developed by Todd

Shatkin. Shatkin became dissatisfied and gave notice to terminate the agreement, contending, *inter alia*, that IMTEC and Jakson wrongfully diverted to themselves business that should have gone to First Labs for the benefit of all three. He sued IMTEC and Jakson in state court in New York for breach of the agreement. His father Samuel Shatkin sued Jakson in federal court in New York for breach of a consulting contract related to Jakson's participation in First Labs. After settlement negotiations broke down, Todd Shatkin joined his father in the federal suit and IMTEC and First Labs were added as defendants. IMTEC, however, sued the Shatkins here in Case No. CIV-07-181-JHP, alleging claims arising under Oklahoma law but asserting federal jurisdiction based on diversity. IMTEC added Jakson as a defendant after the Shatkins contended he was indispensable, but the Court determined that Jakson's proper alignment was as a plaintiff and dismissed the case for lack of diversity pursuant to Fed. R. Civ. P. 12(b)(7).

While Case No. CIV-07-181-JHP was still pending, IMTEC and First Labs sued Moore in this case for breach of a confidentiality agreement he signed while employed by IMTEC. Moore was hired in 2005 to market IMTEC's dental specialty products and services and agreed, *inter alia*, not to disclose any of IMTEC's confidential information, including its customer list containing the names of some 15,000 general dentists and specialists. Moore worked closely with Todd Shatkin and used IMTEC's confidential customer list in an effort to generate business for First Labs.

After giving notice to terminate the First Labs agreement, Todd Shatkin formed a business venture with his father called Shatkin FIRST, LLC ("Shatkin First") to market the

dental technology previously marketed by First Labs. Moore left IMTEC and went to work for Shatkin First. According to IMTEC, Moore used its confidential information, including the customer list, in violation of the confidentiality agreement and conspired with the Shatkins to divert First Labs' business to Shatkin First.

**B. Analysis**

Moore echoes in the Defendant's Motion to Dismiss or Transfer and Brief in Support [Docket Nos. 8, 10] what the Shatkins claimed in Case No. CIV-07-181-JHP. He contends that Jakson is an indispensable party whose joinder would destroy diversity and that the case must therefore be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(7).[1] He also contends he is entitled to relief for improper or inconvenient venue if the case is not dismissed for lack of jurisdiction. Because Jakson *is* an indispensable party pursuant to Fed. R. Civ. P. 19, the Defendant's Motion to Dismiss or Transfer and Brief in Support should be granted to the extent that it seeks dismissal for lack of subject matter jurisdiction. *See* Docket No. 8. The Defendant's Motion to Dismiss or Transfer and Brief in Support should be denied as moot to the extent that it seeks relief for improper or inconvenient venue. *See* Docket No. 10.

Regarding indispensability under Fed. R. Civ. P. 19, "[t]he court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if

---

[1] Moore claims that the Shatkins are also indispensable parties. It is unnecessary to address this claim, however, because Jakson's joinder by itself defeats diversity jurisdiction. Joining the Shatkins would not alter this result; they would be aligned with Moore as defendants, where they would be diverse as to IMTEC and First Labs but not as to Jakson, who would be aligned with IMTEC and First Labs as a plaintiff.

joinder is feasible. If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed." *Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94 F.3d 1407, 1411 (10th Cir. 1996), *cert. denied*, 520 U.S. 1166 (1997). *See also Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001). A party is necessary and must be joined if: "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). "There need only be substantial risk and not certainty that the considered events of Rule 19(a) come to pass." *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir. 1981), *citing Window Glass Cutters League of America, AFL/CIO v. American St. Gobain Corp.*, 428 F.2d 353 (3rd Cir. 1970).

IMTEC and FIRST Labs argue that Jakson is not a necessary party under Fed. R. Civ. P. 19(a)(1) because the Court can afford complete relief between IMTEC and Moore (the only parties to the confidentiality agreement in issue here) without Jakson being involved. This may be true with regard to the breach of contract claim asserted by IMTEC against Moore, but it says nothing about the non-contractual claims asserted against Moore by First Labs (in which Jakson clearly does have an interest). In any event, the undersigned

Magistrate Judge finds that Jakson is a necessary party to this action not because complete relief cannot be afforded in his absence but instead because he "claims an interest relating to the subject of [this] action and is so situated that the disposition of the action in [his] absence may . . . leave [Moore] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a)(2)(ii).

IMTEC and First Labs argue that Moore is not at risk of incurring double, multiple or otherwise inconsistent obligations because: (i) he is not a party to the proceedings in New York; and, (ii) Jakson has no claim against Moore as a member of First Labs, as such claims are being asserted herein by First Labs. These assertions may be true, but they do not relieve Moore of the risk of incurring inconsistent obligations by reason of an interest claimed by Jakson. *See, e. g., Allstate Insurance Co. v. Daniels*, 87 F.R.D. 1, 4 (D. Okla. 1978) ("Rule 19(a)(2)(ii) recognizes the need for considering whether a party may be left, after an adjudication, in a position where a person not joined can subject him to double or otherwise inconsistent liability."). Moore is at risk in this case of incurring an injunction prohibiting him from using for the benefit of the Shatkins any information that IMTEC claims is covered by the confidentiality agreement. Although he is not a party to the proceedings in New York, Moore is nevertheless subject to the same risk there; Jakson claims that he is entitled to a similar injunction against the Shatkins in that case, and any injunction against them would likewise run against Moore or any "other persons who are in active concert or participation

with" the Shatkins. Fed. R. Civ. P. 65(d)(2)(C).[2] Further, it is conceivable that this Court and the one in New York might reach different conclusions on the issuance of an injunction. *Cf. United States Fire Insurance Co. v. HC-Rockrimmon, LLC*, 190 F. R. D. 575, 577 (D. Colo. 1999) ("With the difficult issues of negligence and causation in the structural infirmity of a building, it is easy to imagine two courts coming to different conclusions."). For example, Moore could prevail here upon a determination that he did not breach the confidentiality agreement, but nevertheless be enjoined from using the information IMTEC claims is confidential if Jakson succeeds in obtaining an injunction against the Shatkins in New York. *See e. g., Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006) ("Although Mr. Symes and Mr. Northcott seek to enforce their rights via this lawsuit, they allege that the Harrises harmed REL and concede that REL has substantially similar claims arising against the Harrises. . . . It is therefore reasonable to assume that REL might subject the Harrises to a direct or derivative suit during or following the instant action. Thus, the district court did not abuse its discretion in finding that REL's absence from this litigation may leave the Harrises subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

---

[2] Whether Jakson can obtain an injunction against the Shatkins on a claim that would seem to belong to IMTEC or First Labs is debatable. For example, as noted above, IMTEC and First Labs contend that any claim Jakson might have because of his interest in First Labs is already being asserted by First Labs in this case. However, for purposes of Fed. R. Civ. P. 19(a)(2)(ii), what matters is not the merits of Jakson's claim, but the simple fact that he is asserting it. *See Citizen Potawatomi Nation*, 248 F.3d at 998 ("'Rule 19, by its plain language, does not require the absent party to actually possess an interest; it only requires the movant to show that the absent party *claims an interest* relating to the subject of the action.' Consequently, Rule 19 excludes only 'those claimed interests that are patently frivolous.'"), *quoting Davis v. United States*, 192 F.3d 951, 958-59 (10th Cir. 1999), *cert. denied*, 542 U.S. 937 (2004), *citing Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992) [emphasis in original, internal citations and quotations omitted].

obligations by reason of REL's claimed interest-the precise harm Fed. R. Civ. P. 19(a) was partially designed to avoid."). *See also City of Littleton, Colo. v. Commercial Union Assurance Companies*, 133 F.R.D. 159, 162 (D. Colo. 1990) ("Existence of such a risk warrants a finding that the non-party is conditionally necessary."), *citing Francis Oil*, 661 F.2d at 877; *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co.*, 518 F.2d 292, 295 (10th Cir. 1975); *Ramsey v. Bomin Testing, Inc.*, 68 F.R.D. 335, 337 (W.D. Okla. 1975) ("[M]ultiplicity of actions is a factor to be considered in determining whether a party is a person to be joined, if feasible."), *citing Evergreen Park N. & C. Home, Inc. v. American Equity Assurance Co.*, 417 F.2d 1113 (7th Cir. 1969). The undersigned Magistrate Judge therefore concludes that Jakson *is* a necessary party to this action pursuant to Fed. R. Civ. P. 19(a)(2)(ii).

As a necessary party to this action, Jakson must be joined pursuant to Fed. R. Civ. P. 19(a) if his joinder is feasible. *See Davis v. United States*, 192 F.3d 951, 957 (10th Cir. 1999), *cert. denied*, 542 U.S. 937 (2004). Moore contends that joinder of Jakson *is not* feasible because his alignment as a plaintiff would destroy diversity and thereby deprive the Court of jurisdiction, *i. e.*, Jakson and Moore are both from New York and are therefore not diverse. *See, e. g., City of Indianapolis v. Chase National Bank of City of New York*, 314 U.S. 63, 69 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute.") [quotation omitted]. *See also Universal*

*Underwriters Insurance Co. v. Wagner*, 367 F.2d 866 (10th Cir. 1966). Despite naming him as a defendant in Case No. CIV-07-181-JHP, IMTEC does not argue here that Jakson's proper alignment is not as a plaintiff. Nor could such an argument be made persuasively; Jakson's interest in preventing Moore from using IMTEC's confidential information is clearly aligned with (if not entirely derivative of) the similar interests of IMTEC and First Labs. Further, IMTEC, First Labs and Jakson all contend that Moore stole IMTEC's confidential customer list and used it for the benefit of the Shatkins. Thus, Jakson's interest in any injunction is aligned with the interests of IMTEC and First Labs, and adverse to the interests of Moore, so the undersigned Magistrate Judge concludes that Jakson's proper alignment *is* as a plaintiff.

Because Jakson is a necessary party whose proper alignment is not diverse from Moore, his joinder is not feasible under Fed. R. Civ. P. 19(a) because it would destroy diversity jurisdiction. *See, e. g., City of Indianapolis,* 314 U.S. at 74-75 ("[R]ealignment places Indiana 'citizens' on both sides of the litigation and precludes assumption of jurisdiction based upon diversity of citizenship. We are thus compelled to the conclusion that the District Court was without jurisdiction."). Because Jakson is likewise an indispensable party, the undersigned Magistrate Judge concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(7). *Rishell*, 94 F.3d at 1411 ("If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed.").

In determining whether a party is indispensable, "[t]he factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed. R. Civ. P. 19(b). These factors are not exclusive. *See Ramsey*, 68 F.R.D. at 338 ("The four factors listed in Rule 19(b) . . . are not exclusive, it simply identifies those factors which will be most significant in most cases."), *citing* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1608. *See also Niles-Bement-Pond Company v. Iron Moulders Union Local No. 68*, 254 U.S. 77, 80 (1920) ("There is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not[.]"). Another important factor is the public's interest in the economy of litigation. *See Ramsey*, 68 F.R.D. at 337 ("The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.") [quotation omitted].

IMTEC and First Labs contend that "it is not necessary to even conduct the analysis required by Rule 19(b). Neither the Shatkins or [*sic*] Jakson are necessary parties as defined by Rule 19(a)." Thus, there is no argument that Jakson *is not* an indispensable party under Fed. R. Civ. P. 19(b). *But see Rishell*, 94 F.3d at 1411 ("'The moving party has the burden of persuasion in arguing for dismissal.'"), *quoting Makah Indian Tribe v. Verity*, 910 F.2d

555, 558 (9th Cir. 1990). But in any event, application of the factors mentioned above clearly demonstrates that Jakson *is* an indispensable party to this action.

First, there is little doubt that a judgment rendered in Jakson's absence could be prejudicial to Moore. As discussed above, Moore could avoid being personally enjoined by prevailing here but nevertheless find himself bound by any injunction obtained by Jakson in New York against the Shatkins. *See Francis Oil*, 661 F.2d at 880 ("Injurious effect of the judgment seems to be the important test of indispensability."). Second, there is no way this Court could shape any judgment in Moore's favor to avoid such prejudice, as such judgment would not bind the courts in New York. *See id*. ("Inability . . . to frame a non-prejudicial judgment is also an important feature."). Third, although a judgment rendered in Jakson's absence might prove adequate for IMTEC's purposes, *e. g.*, IMTEC apparently can obtain all the relief it needs against Moore, as discussed above it might not prove adequate for Moore's purposes because of the litigation in New York. *See, e. g., Glenny v. American Metal Climax, Inc.*, 494 F.2d 651, 654 (10th Cir. 1974) ("This test does not allow for mere theoretical possibilities but rather looks to the practical likelihood of prejudice and subsequent litigation."), *citing Schutten v. Shell Oil Co.*, 421 F.2d 869 (5th Cir. 1970). Fourth, IMTEC and First Labs have another forum in which they can obtain the relief they are seeking against Moore in this case; they are parties to the federal lawsuit in New York and are already seeking injunctive relief there. Moore is not a party to that lawsuit but can be added, and even if he is not, as discussed above he may well be bound by any injunction issued in that litigation. Finally, the public interest in judicial economy would be served by

dismissing this action in favor of the proceedings in New York, where all can be parties to the same case and serial litigation can thereby be avoided. *See, e. g., Ramsey*, 68 F. R. D. at 337 ("The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.") [quotation omitted]. *See also Rishell*, 94 F.3d at 1413 ("'[T]he potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice. Some additional interest of either the absent party, the other properly joined parties or entities, *or the judicial system* must also be present.'") [emphasis added], *quoting Local 670, United Rubber Workers v. International Union, United Rubber Workers*, 822 F.2d 613, 622 (6th Cir. 1987), *cert. denied*, 484 U.S. 1019 (1988).

In summary, the undersigned Magistrate Judge finds that Jakson is a necessary party to this action pursuant to Fed. R. Civ. P. 19(a). His interests and those of Moore are clearly adverse, but he cannot be joined because the two are not diverse; such joinder would deprive the Court of jurisdiction, which is founded upon diversity. The undersigned Magistrate Judge further finds that because Jakson is an indispensable party pursuant to Fed. R. Civ. P. 19(b), this action should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(7). *See Rishell*, 94 F.3d at 1411 ("If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed."). *See also General Refractories Co. v. First State Insurance Co.*, 500 F.3d 306, 319 (3rd Cir. 2007) ("[A] finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction.").

Accordingly, the Defendant's Motion to Dismiss or Transfer and Brief in Support [Docket Nos. 8, 10] should be granted insofar as it is made pursuant to Fed. R. Civ. P. 12(b)(7). The Defendant's Motion to Dismiss or Transfer and Brief in Support [Docket Nos. 8, 10] should otherwise be denied as moot.

### C. Conclusion

Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS: (i) that the Defendant's Motion to Dismiss or Transfer and Brief in Support [Docket Nos. 8, 10] be GRANTED insofar as it is made pursuant to Fed. R. Civ. P. 12(b)(7), but otherwise DENIED as moot; and, (ii) that this action should be dismissed for lack of subject matter jurisdiction. If there are any objections to this Report and Recommendation, they must be filed within ten days of service hereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**DATED** this 11th day of February, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**